UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ORRILL, CORDELL & BEARY, LLC.**            CIVIL ACTION

**VERSUS**                                    NO:    11-1229

**GARY BARKLEY ROTH, ET AL**                  SECTION: "C" (2)

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Remand to State Court. (Rec. Doc. 6). Defendant, Gary Barkley Roth, who removed this matter to federal court, opposes the motion. (Rec. Doc. 11). This matter was taken under advisement on the briefs without oral argument. Based on the memoranda of parties, the record in this case and the applicable law, Plaintiff's motion is GRANTED for the following reasons.

**I.  BACKGROUND**

Plaintiff, a Louisiana-incorporated law firm, filed suit on October 31, 2008 in state court, alleging breach of contract and unjust enrichment by Defendants. (Rec. Doc. 1). Defendant Gary Roth is a resident of California. *Id.* Defendants previously removed this case to this Court, arguing that Defendant Lawrence was fraudulently joined to defeat complete diversity. *Orrill, Cordell & Beary, LLC. v. Roth*, Civ Action No. 08-4995, Section "C" (Rec. Doc. 1). On June 2, 2009, this Court found that Lawrence was not fraudulently joined and remanded the case to state court. (Rec. Doc. 6-2).

Plaintiff recently agreed to dismiss Defendant Lawrence from the state court action, which in turn prompted Defendant Roth to remove this case for a second time on the grounds that Lawrence was improperly joined to defeat diversity. (Rec. Doc. 1 at 2). Plaintiff argues in its present motion that Defendant's removal is untimely and without merit as this Court has already held that Plaintiff had not fraudulently or improperly jointed Lawrence to defeat diversity. (Rec.

Doc. 6-1 at 6).

## II.  LAW AND ANALYSIS

The party invoking jurisdiction has the burden "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegations." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938) (citing *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).  The Court is mindful that the removal statutes are to be strictly construed against removal. *See Shamrock Oil & Gas Corp., v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc., 792 F.2d 478, 482* (5th Cir. 1986). Consequently, when subject matter is doubtful, remand is appropriate.  14B C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 3d § 3739.

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction.  28 U.S.C. § 1441 (2006).  The district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and the parties are citizens of different states.  28 U.S.C. § 1332 (2006).  For diversity jurisdiction to attach, complete diversity must exist, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

The standard for determining when a defendant has been improperly joined is well established in the Fifth Circuit.  "[W]e have recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause

of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Because the improper joinder doctrine is a narrow exception to the complete diversity rule, the burden of demonstrating improper joinder is a heavy one. *Id.* at 574. The deadline for removing a case on the basis of diversity jurisdiction is one year from the commencement of the action. 28 U.S.C. 1446(b).

In this case the one year deadline has not been met, as this action was filed on October 31, 2008 and only removed on May 25, 2011. (Rec. Doc. 6-1 at 6). Defendant argues that this Court should extent the deadline because Plaintiff had manipulated the removal statute by improperly joining Defendant Lawrence as a non-diverse party. (Rec. Doc. 1 at 3). However, this Court has already determined that Plaintiff has plead "a prima facie case of unjust enrichment against Lawrence...sufficient to defeat defendants' claim of improper joinder" and the circumstances of Lawrence's recent dismissal do not suggest any forum manipulation that would justify an exception to the one-year removal deadline. *Orrill, Cordell & Beary, LLC. v. Roth*, Civ Action No. 08-4995, Section "C" (Rec. Doc. 53 at 5).

### III. CONCLUSION

The Court finds Defendant's removal untimely and will not grant a deadline extension as the Court has previously determined that Defendant had not established improper joinder.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Remand to State Court is GRANTED and the matter is REMANDED to the Civil District Court in Orleans Parish. (Rec. Doc. 6).

New Orleans, Louisiana, this 8th day of June, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**